IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OLAJIDE OGUNSANYA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-0607-L** |
| | § | |
| **JANET NAPOLITANO, Secretary of** | § | |
| **United States Department of** | § | |
| **Homeland Security**, | § | |
| | § | |
| Defendant.* | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is the Motion to Dismiss for Lack of Jurisdiction and Failure to State a

Claim, filed August 4, 2009.  After carefully considering the motion, response, record, and

applicable law, the court **grants** the Motion to Dismiss for Lack of Jurisdiction and **declines** to rule

on the Motion to Dismiss for Failure to State a Claim.

**I.      Factual and Procedural Background**

Plaintiff Olajide Ogunsanya ("Plaintiff" or "Ogunsanya") filed his Application for

Naturalization on April 2, 2009.  He contends that he is eligible for naturalization and asks the court

to approve his application, administer the oath to him, and declare him a citizen of the United States.

He contends that he is a legal permanent resident and that he filed his N-400 application for

---

*Movant is Defendant United States Citizenship and Immigration Services ("USCIS").  USCIS is a
bureau that falls within the United States Department of Homeland Security ("DHS"), for which its Secretary
"is the head of the Department and shall have direction, authority, and control over it," and in whom "[a]ll
functions of all officers, employees, and organizational units" are vested.  6 U.S.C. §§ 112(a)(2) & (a)(3),
271.  The court believes that the correct Defendant in this case is the Secretary of the Department of
Homeland Security, Janet Napolitano, in her official capacity.  The clerk of the court is **directed** to change
the docket sheet to reflect the correct name of Defendant.

naturalization on August 4, 2006.  He states that he passed his citizenship examination, but his application for naturalization was denied on March 25, 2008.  He contends that he filed a N-336 appeal, but it was denied on December 22, 2008.  Defendant, United States Citizenship and Immigration Services ("Defendant" or "USCIS"), moves to dismiss Plaintiff's application because the court lacks subject matter jurisdiction and he has failed to state a claim upon which relief can be granted because removal proceedings are pending against him.

## II.     Legal Standards –  Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties.  28 U.S.C. §§ 1331, 1332.   Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.  *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

## III.    Analysis

Defendant USCIS argues that the court lacks subject matter jurisdiction because there is a removal proceeding pending against Plaintiff. It argues that, if the court does have jurisdiction, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff contends that the court has jurisdiction and that he has stated a claim. Because the court determines that it lacks subject matter jurisdiction, it does not address the parties' arguments regarding Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The government argues that 8 U.S.C. § 1429 divests the court of subject matter jurisdiction if a removal proceeding is pending against a plaintiff seeking relief pursuant to 8 U.S.C. § 1421(c). It argues that the court cannot consider a section 1421(c) claim until the removal proceedings have concluded. The government cites *Saba-Bakare v. Chertoff*, 507 F.3d 337, 340 (5th Cir. 2007), as well as cases from district courts within this circuit and cases from other appellate courts.

Plaintiff argues that no removal order exists.  It also argues that the court has the power to *de novo* review Defendant's denial of his naturalization application.  He argues that section 1429 does not preclude judicial review of his application, and he cites several cases that he contends hold that a district court retains jurisdiction while removal proceedings are pending.

Section 1429 provides in part:  "[N]o application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter."  It is undisputed that a removal proceeding against Plaintiff is ongoing, but there is not evidence in the record that there has been an order of removal, and no party has moved to supplement the record since filing their briefs on this motion.

In 2007, the Fifth Circuit Court of Appeals held that section 1429 divests a district court of subject matter jurisdiction while a removal proceeding is pending.  In *Saba-Bakare*, it affirmed a district court that held it lacked subject matter jurisdiction to consider section 1421(c) claims while a removal proceeding was pending.  507 F.3d at 340.  Subsequent decisions have also held that dismissal without prejudice for lack of subject matter jurisdiction is required where a plaintiff seeks section 1421(c) review while a removal proceeding against him is pending.  *Robertson-Dewar v. Mukasey*, 599 F. Supp. 2d 772, 782 (W.D. Tex. 2009); *Olaoye v. Kehl*, 2009 WL 2222880, *1 (N.D. Tex. July 24, 2009); *Mahdi v. Tarango*, 2008 WL 5329619, *1 (N.D. Tex. Dec. 18, 2008); *see also Mosleh v. Strapp*, 992 F. Supp. 874, 876 (N.D. Tex. 1998).  The cases cited by Defendant predate *Saba-Bakare* or are from other circuits and are not binding on this court in light of the Fifth Circuit's decision.  Accordingly, the court determines that it lacks subject matter jurisdiction to consider Plaintiff's claims.

**IV.      Conclusion**

For the reasons stated herein, the court **grants** the Motion to Dismiss for Lack of Jurisdiction and **declines** to rule on the Motion to Dismiss for Failure to State a Claim.  The court **dismisses** this action **without prejudice** for lack of subject matter jurisdiction.

**It is so ordered** this 19th day of January, 2010.

Sam A. Lindsay
United States District Judge